**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WALTER VALLINE, | Case No.: 3:25-cv-00230-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 15, 20 |
| FRANK BISIGNANO,<br>Commissioner of Social Security<br>Administration, | |
| Defendant | |

Before the court is Plaintiff's Motion for Summary Judgment, seeking reversal and/or remand. (ECF No. 15.) The Commissioner responded with the filing of a Motion to Remand and Response to Plaintiff's Motion for Summary Judgment. (ECF Nos. 20, 21.) Plaintiff filed a reply. (ECF No. 25.)

After a thorough review, the court will reverse the Commissioner's finding that Plaintiff is not disabled and remand for another hearing before an Administrative Law Judge.

**I. BACKGROUND**

On May 7, 2019, Plaintiff completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning on August 19, 2018. (Administrative Record (AR) 221-24.) The application was denied initially and on reconsideration. (AR 94-95.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 131-32.) ALJ Gregory Moldafsky conducted a telephonic hearing on August 12, 2021. (AR 53-81.) Plaintiff,

who was represented by counsel, appeared by telephone and testified on his own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On October 21, 2021, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-33.) Plaintiff requested review, and the Appeals Council denied the request, which made the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

Plaintiff sought judicial review in Case No. 3:22-cv-00088-CLB. The parties in that case later stipulated to a voluntary remand for further proceedings, and on June 2, 2022, the court entered an order granting the parties' stipulation and remanding. (AR 5107-08.)

On July 14, 2022, the Appeals Council remanded to the ALJ with instructions. (AR 5112-13.) The ALJ conducted a hearing on January 24, 2023, once again with a vocational expert. (AR 5076-5105.)  On August 30, 2023, the ALJ issued a decision again finding Plaintiff was not disabled.[1] (AR 5055-68.) Plaintiff did not seek review from the Appeals Council, nor did the Appeals Council review the ALJ's decision on its own, making the ALJ's August 30, 2023, the final decision of the Commissioner. (AR 5046-49.)

Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred when he concluded, at step three, that Plaintiff did not meet or equal Listing 1.15. Plaintiff further argues that the ALJ's rejection of numerous medical opinions was not supported by substantial evidence, and, alternatively, that the ALJ erred in rejecting Plaintiff's testimony as to the severity of his symptoms. Plaintiff asserts the record conclusively establishes his disability and therefore seeks a remand for an award of benefits.

---

[1] While the first court case was pending, Plaintiff filed a subsequent claim, which was consolidated with his first claim for review. (AR 5055.)

2

Defendant concedes that the ALJ's decision is not supported by substantial evidence but disagrees that the record conclusively establishes Plaintiff's disability. Instead, Defendant moves to remand for further proceedings.

## II. STANDARDS

### A. Disability Process

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill,* 139 S.Ct. 1148, 1151-52 (2019). A claimant may apply for disability insurance benefits (DIB) under Title II of the Social Security Act, and/or supplemental security income (SSI) benefits under Title XVI of the Act. SSI benefits are based on need, and to be eligible a claimant must be "aged, blind or disabled" and have income and resources under certain thresholds. 42 U.S.C. § 1382(a). DIB are based on earnings, and the claimant must be disabled and have contributed to the insurance trust fund through deductions in wages. 42 U.S.C. § 401(b). DIB, unlike SSI, are limited to a certain period of insurance determined by the amount of the claimant's previously taxed earnings. 42 U.S.C. § 423(c)(1). Title 20 of the Code of Federal Regulations contains SSA's regulations. Those that start with 404 are Title II regulations. Those that start with 416 are Title XVI regulations.

After a claimant files an application for disability benefits, a disability examiner at the state Disability Determination agency, working with a doctor(s), makes the initial decision on the claimant's application. *See* 20 C.F.R. §§ 404.900(a)(1); 416.1400(a)(1). If the agency denies the claim initially, the claimant may request reconsideration of the denial, and the case is sent to a different disability examiner for a new decision. *See* 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If the agency denies the claim on reconsideration, the claimant may request a hearing, and the

case is sent to an ALJ who works for the Social Security Administration. *See* 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3). The ALJ issues a written decision after the hearing. *See* 20 C.F.R. § 404.900(a)(3). If the ALJ denies the claim, the claimant may request review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If the Appeals Council determines there is merit to the claim, it generally remands the case to the ALJ for a new hearing. If the Appeals Council denies review, the claimant can file an action in the United States District Court. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

**B. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and

§ 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner

must assess all evidence, including the claimant's and others' descriptions of the limitation(s), and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3); § 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b),

§ 416.966(b). Conversely, if the Commissioner determines the claimant is unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**C. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222

(9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff met the insured status requirements through December 21, 2025, and had not engaged in substantial gainful activity since the alleged onset date of August 19, 2018. (AR 5057.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: lumbar degenerative disc disease with radiculopathy and post-laminectomy syndrome status post multiple surgeries, status post sacroiliac joint fusion, sacroiliitis, obesity, left foot drop, polyneuropathy, atherosclerotic heart disease without angina status post STEMI with stent placement, and degenerative disc disease of the cervical spine status post fusion. (AR 5058.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 5058-59.)

At step four, the ALJ assessed Plaintiff as having the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. The claimant can occasionally push and pull with the bilateral lower extremities and can never operate foot controls with the left lower extremity. The claimant can occasionally stoop, balance, kneel, crouch, and crawl. The claimant can have occasional exposure to fumes, odors, or other pulmonary irritants, and can never work at unprotected heights or driving commercial vehicles. The claimant is limited to simple, defined as SVP ratings 1-2, repetitive tasks. The claimant cannot do fast-paced work, i.e. no production line pace. The claimant will require

the use of a walker or two-handed assistive device for ambulation during the work day.

The ALJ then concluded Plaintiff was unable to perform any past relevant work. (AR 5059-67.)

At step five, the ALJ determined, based on VE testimony, that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: document preparer (DOT Code 249.587-018), an addresser (DOT Code 209.587-010), and an order clerk (DOT Code 209.567-014). (AR 5067-68.) As a result, the ALJ found Plaintiff not disabled from August 19, 2018, through the date of the decision. (AR 5068).

**B. Listing 1.15**

Plaintiff argues that the record evidence conclusively establishes that he meets or equals Listing 1.15 of the Listed Impairments and that the ALJ's boilerplate finding otherwise was insufficient.

Listing 1.15 involves "[d]isorders of the skeletal spine resulting in compromise of a nerve root(s)" and requires four things: (A) neuro-anatomic (radicular) distribution of pain, paresthesia, or muscle fatigue consistent with compromise of the affected nerve root; (B) radicular distribution of neurological signs present during physical examination or on a diagnostic test and evidenced by (1) muscle weakness, (2) sign of nerve root irritation, tension, or compression, consistent with compromise of the affected nerve root, and either (3) sensory changes evidenced by decreased sensation or sensory nerve deficit (abnormal sensory nerve latency) on electrodiagnostic testing, or (4) decreased deep tendon reflexes; (C) findings on imaging consistent with compromise of a nerve root in the cervical or lumbosacral spine; and (D) impairment-related physical limitation of musculoskeletal functioning that has lasted, or is

9

expected to last, for a continuous period of at least 12 months, and medical documentation of (1) a documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; (2) an inability to use one upper extremity to independently initiate, sustain, and complete age-appropriate activities involving fine and gross movements and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or (3) an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete age-appropriate activities involving fine and gross movements. 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The ALJ concluded that Plaintiff did not meet or equal any listed impairments because the record did "not contain any diagnostic findings, signs, symptoms, or laboratory results that meet any of the listed impairments" and because there were "no opinions in the record from medical experts or any other type of medical or psychological consultants" that Plaintiff met a Listing. (AR 5059.) Specific to Listing 1.15, the ALJ explained that "the record does not document evidence of [the entirety of Listing 1.15]," followed by a general, nonspecific citation to Exhibits 20F and 21 – which, according to the List of Exhibits, comprises 2,000 pages of VA medical records. (AR 5074.)

The ALJ's conclusion that Plaintiff did not meet or equal Listing 1.15 was plainly an insufficient boilerplate finding. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). On a record that includes medical evidence of more than 20 surgeries – nearly all back-related -- and a range of symptoms related thereto, as well as multiple medical opinions that Plaintiff's limitations preclude full-time work (including state agency and consultative examiners), the ALJ's virtually unexplained conclusion

makes it impossible to determine which of the several factors in Listing 1.15 the ALJ believed were missing from the record. Reversal of the decision is therefore warranted on that basis.

**C. Rejection of Medical Opinions**

In considering how much evidentiary weight to give medical opinions and prior administrative medical findings on the record, the ALJ must consider the opinions in light of five factors, the most important being supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability means: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(1). Consistency means: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(2).

Plaintiff argues the ALJ's full and partial rejection of several medical opinions was not based on substantial evidence.

The ALJ rejected the findings of two Veteran's Administration (Va) medical providers who concluded that Plaintiff cannot perform even sedentary work on the grounds that he was not required to give persuasive weight to disability ratings by other agencies. (AR 5066 (citing generally Plaintiff's VA medical records).) But the ALJ did not discuss the medical providers' opinions or the functional limitations identified therein – which were based on their own examinations and review of Plaintiff's medical records – or how the § 404.1520c(c) factors impacted the relative persuasiveness of those opinions. (*See* AR 644-45, 2697, 6028-64.) The

court agrees that the ALJ's rejection of the VA medical providers' opinions was not supported by substantial evidence.

> [A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id*. § 404.1520c(b)(2).

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ also partially rejected the opinion of Dr. George Nickles, a doctor reviewing Plaintiff's disability claim for Social Security, who opined in January 2021 that Plaintiff is limited to sitting for two hours a day, standing for four, and that push/pull was limited in Plaintiff's left lower extremities. (AR 112-14.) The ALJ deemed Dr. Nickles' opinion unpersuasive to the extent it found Plaintiff capable of less than sedentary work. The ALJ explained:

> This opinion is unpersuasive insofar as it suggests the claimant can perform less than sedentary work, which is inconsistent with medical records as a whole as well as the claimant's own description of his activities including living independently, caring for pets, driving, shopping, and fixing simple meals. These limitations are not supported by the physical examination findings that show a steady and safe gait and his ability to walk half a mile daily and workout two times a week.

(AR 5065). Although the ALJ referred to evidence showing Plaintiff has a "steady and safe gait," the next paragraph of the opinion presents an apparent contradiction where the ALJ credited Dr. John Holman's finding that Plaintiff requires use of an assistive device based on "physical examination findings that show an impaired gait due to his left foot drop." (AR 5065.) This inconsistency calls into doubt whether the ALJ's partial rejection of Dr. Nickles' opinion is

based on substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The ALJ also completely failed to address the opinion of Dr. Lipski, who reviewed Plaintiff's case for Social Security in May 2020 and opined that Plaintiff is incapable of full-time sedentary work. (AR 1581-82.)  This too, was error, where social security regulations require that all prior medical opinions and assessments be considered. *See* 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.").

Finally, the ALJ partially rejected the opinion of Dr. Corson, who examined Plaintiff and prepared a consultative evaluation in February 2023. Dr. Corson diagnosed Plaintiff with failed lumbar laminectomy syndrome with radiculopathy and nerve damage and found Plaintiff could not perform postural activities as a result. She otherwise found Plaintiff able to stand for two hours and sit for six hours in an eight-hour day. In her report, Dr. Corson noted that Plaintiff's motor function in his lower extremities was 4/5 with a full range of motion in his neck and hips. She noted also that he had a slapped foot type gait due to his left foot drop, was unable to stand on his heels, toes, tandem walk, or squat, and could bend at the waist to 20 degrees. (AR 7362-67.)

The ALJ found Dr. Corson's opinion persuasive to the extent it found Plaintiff capable of sedentary work. But he found her opinion that Plaintiff could not perform postural activities not supported or consistent with her own examination findings that Plaintiff had full range of motion in his extremities and neck and had 4/5 strength in his lower extremities. (AR 5065-66.)

13

As Plaintiff correctly argues, "postural activities" include stooping,[2] which is a movement made from bending the spine at the back. It is not at all clear how the Plaintiff's range of motion and strength in his extremities and neck is inconsistent with Dr. Corson's finding that Plaintiff cannot stoop. The ALJ's partial rejection of Dr. Corson's opinion was, then, also not based on substantial evidence.

### IV. REMEDY

Plaintiff requests remand for an immediate award of benefits. Defendant opposes and asks the court to remand only for further proceedings.

When reversing a final decision of the Commissioner of Social Security, the court may reverse and remand either for further proceedings or for an award of benefits. 42 U.S.C. § 405(g). Normally, remand is for further proceedings; it is only in rare cases that the court will exercise its discretion to remand for an immediate award of benefits. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). To remand for an award of benefits, the court applies "the "credit-as-true" rule." *Id.* "The rule itself permits, but does not require, a direct award of benefits on review but only where the administrative law judge (ALJ) has not provided sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful." *Id.* at 1044.

In applying the rule, the court asks first "whether the 'ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* at 1045. Second, the court determines "whether there are outstanding issues that must be resolved

---

[2] *See* SSR 85-15 ("Some stooping (bending the body downward and forward by bending the spine at the waist) is required to do almost any kind of work, particularly when objects below the waist are involved. If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact.").

before a disability determination can be made, and whether further administrative proceedings would be useful." *Id.* (internal punctuation omitted). Finally, if both conditions are met, the court "then credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.*

At the second step, the court considers whether the record has been fully developed, "whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and punctuation omitted). "Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Id.* (internal citations and punctuation omitted).

As outlined above, the court has found the ALJ failed to provide legally sufficient reasons for rejecting many of the medical opinions in this case. Nevertheless, the court declines to exercise its discretion to remand for an award benefits because further administrative proceedings would be useful in a number of respects.

First, Plaintiff's reply argues that "the volume of inpatient surgeries he has endured precludes full-time work and thus establishes he is disabled under Social Security's rules," and that Defendant's failure to respond to this contention amounts to a concession that Plaintiff is disabled. (ECF No. 25 at 2.) However, given that Plaintiff made this contention in a single sentence in the conclusion of his motion,[3] the court does not construe Defendant's silence on this

---

[3] Plaintiff also raised this assertion, briefly, in connection with the ALJ's rejection of his testimony, but because Defendant conceded the ALJ's decision was not supported by substantial evidence, there was no reason for it to discuss that assertion in detail.

15

point as a concession. (*See* ECF No. 15 at 18-19, 20 ll. 22-25). Nor, although Plaintiff has endured a staggering number of surgeries and other procedures, did the motion itself establish when -- if at all -- Plaintiff became disabled under that rubric. The matter is more appropriately remanded to the ALJ for further factual development.

Second, the ALJ based his conclusion that Plaintiff did not meet or equal Listing 1.15 at least in part on the absence of any opinions from medical experts or consultants to support it. However, the ALJ had the ability to obtain the services of a medical expert to consider this issue, and because the record could reasonably support a finding that Plaintiff meets or equals Listing 1.15, the record would benefit from being more fully developed in this aspect, as well. *See* 2017 SSR LEXIS 2, *5-6, 2017 SSR LEXIS 2 ("At the hearings level of the administrative review process, administrative law judges (ALJ) and some attorney advisors determine whether an individual's impairment (s) meets or medically equals a listing at step 3 of the sequential evaluation process. To assist in evaluating this issue, adjudicators at the hearings level may ask for and consider evidence from medical experts (ME) about the individual's impairment (s), such as the nature and severity of the impairment (s)."); *id.* at *7 ("To demonstrate the required support of a finding that an individual is disabled based on medical equivalence at step 3, the record must contain one of the following: 1. A prior administrative medical finding from an MC or PC from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or 2. ME evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or 3. A report from the AC's medical support staff supporting the medical equivalence finding.").

Third, Plaintiff's ability to stoop appears to be a critical question in determining whether he is capable of full-time sedentary work. SSR 96-9P ("A complete inability to stoop would

significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work."). It is also the subject of conflicting assessments that must be resolved with further consideration by the ALJ and possibly also further factual development. Some doctors have found Plaintiff able to stoop, while others have found significant restrictions in the range of motion in his lumbar spine, and at least one (Dr. Corson) found him unable to stoop at all. While the ALJ's rejection of this last opinion was insufficiently supported, that does not preclude an ALJ, upon remand, from identifying substantial evidence to support a similar conclusion. Further proceedings are therefore appropriate.

Accordingly, the court will not direct an award of benefits for Plaintiff at this time but will remand for further proceedings. The court will recommend to the Commissioner that a new ALJ be assigned the case, and the assigned ALJ obtain the services of a medical expert to determine whether or not Plaintiff meets or equals Listing 1.15.

## V. CONCLUSION

Plaintiff's motion for reversal and/or remand (ECF No. 15) is **GRANTED IN PART,** to the extent that the decision of the commissioner is **REVERSED** and this action **REMANDED** for another hearing before an ALJ**;**

The Commissioner's cross-motion to remand (ECF No. 20) is **GRANTED**;

This matter is **REMANDED** for further proceedings consistent with this Order. Upon remand, the court recommends to the Appeals Council that this case be assigned to a new ALJ and that the ALJ obtain a medical expert to assist in evaluating whether Plaintiff meets or equals Listing 1.15.

The Clerk shall enter JUDGMENT accordingly.

**IT IS HEREBY ORDERED.**

Dated: February 24, 2026

Craig S. Denney
United States Magistrate Judge

18